IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DELMOND LEMAR BLEDSON ) | CR NO. 2:12-CR-87-WKW |
| WILLIE JEROME DAVIS ) | |
| LISA MICHELE JACKSON ) | |
| EULANDA LASHADE TRIMBLE ) | |
| KEVIN LEVAN ELMORE ) | |
| STACEY RODREKUS CALLOWAY ) | |
| WILLIE JAMES WALKER ) | |
| CLIFTON PETTUS ) | |
| ROBERT MARSHALL ) | |
| TONY GARDNER ) | |
| WILLIAM JAMES REESE ) | |
| ERIC ORLANDO REES ) | |
| GER DERRICK MONCRIEF ) | |
| LAQUANA VONSHA NELSON ) | |

**ORDER ON ARRAIGNMENT**

On July 31, 2012, defendant Bledson filed a motion to continue trial (doc. # 173).[1] On August 6, 2012, defendants Bledson, Davis, Calloway, and Pettus each filed motions for an extension of time to file pretrial motions (docs. # 188, 179, 178, 185). On August 9, 2012, the United States filed a superseding indictment against the defendants. (Doc. # 201). Accordingly, and as further explained below, defendant Bledson's motion to continue trial (doc. # 173) is hereby GRANTED.

On August 22, 2012, the defendants, appeared in person and in open court with counsel and were arraigned on the superseding indictment in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**PLEA.** The defendants entered pleas of **NOT GUILTY**. Counsel for each defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in

---

[1] On August 15, 2012, Chief United States District Judge Watkins referred the motion to continue trial to the undersigned for resolution. *See* Doc. # 218.

plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office at or before the pretrial conference and then this action will be set on a plea docket.

**PRELIMINARY SENTENCING GUIDELINES INFORMATION.** The court no longer requires the United States Probation Office to provide preliminary sentencing guideline information to defendants. However, in difficult or complex cases defendants may request the United States Probation Office to provide Sentencing Guideline calculation assistance with the understanding that any estimate is tentative only and is not binding on the United States Probation Office, the parties or the court. The court expects that requests for Sentencing Guideline calculation assistance shall be the exception and that defendants will not make such requests a matter of routine. A request for Sentencing Guideline calculation assistance shall be made to the United States Probation Office not later than **10 days** from the date of this order.

**PRETRIAL CONFERENCE.** A pretrial conference is hereby set for **December 17, 2012 at 1:30 p.m.**, **in Courtroom 4-B**, United States Courthouse Complex, One Church Street, Montgomery, Alabama. **Not later than three (3) days prior to the date of the pretrial conference, counsel shall confer about the issues and matters to be discussed at the pretrial conference as set forth in this order.** Counsel who want in-custody defendants to attend must notify the Magistrate Judge within three days of the conference date so that an order to produce can be issued to the United States Marshal.

At the pretrial conference defense counsel and counsel for the government shall be fully prepared to discuss all pending motions, the status of discovery, possible stipulations, and the estimated length of the trial. The defense counsel and counsel for the government shall be fully prepared to provide a definite commitment as to the final disposition of this case - by trial, plea or other non-trial disposition. If resolution of a dispositive motion will affect the nature of this commitment, counsel must be fully prepared to discuss this type of resolution. If the case is for plea, the notice of intent to enter a plea should be filed at the time of the pretrial conference. If counsel require additional time for plea negotiations, counsel should be prepared to inform the court about the date when those negotiations will be completed.

**TRIAL.** At arraignment, the parties agreed that due to the nature of this case, the need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the case should be and is hereby set for trial before **Chief United States District Judge W. Keith Watkins, on the trial term beginning on February 4, 2013, at the Federal Courthouse in Montgomery, Alabama**, unless otherwise ordered by the court.

In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). The superseding indictment contains one drug distribution conspiracy count, 3 drug distribution counts, 27 counts charging various defendants with use of a communication facility in furtherance of a drug conspiracy, and 2 counts of money laundering. Obviously, the superseding indictment increases the complexity of the case and will necessitate extensive investigation. The discovery in the case is voluminous and, especially as to the defendants who are incarcerated, will require a lengthy period of time to review. Under the present schedule, counsel will not have adequate time for trial preparation. Accordingly, the court finds that the ends of justice served by setting this case on February 4, 2013 outweigh the best interest of the public and the defendant in a speedy trial. Any requested voir dire questions and jury instructions must be filed no later than **one week before jury selection**.

**PRETRIAL MOTIONS.** All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to **M.D. Ala. LCrR 16.1 Criminal Discovery** must be filed no later than **October 15, 2012.** No motion filed after this date will be considered unless filed with leave of court. Unless otherwise ordered by the court, the continuance of the trial of a case will not extend the time for filing pretrial motions. **THE CONFERENCING REQUIREMENT SET FORTH IN M.D. Ala. LCrR 16.1(c) CRIMINAL DISCOVERY SHALL BE MET BEFORE THE COURT WILL CONSIDER ANY DISCOVERY MOTION. THE COURT WILL NOT GRANT MOTIONS TO ADOPT MOTIONS FILED BY OTHER DEFENDANTS.**

The motions for an extension of time to file pretrial motions (docs. # 188, 179, 178, 185) filed by defendants Bledson, Davis, Calloway, and Pettus are hereby **DENIED as moot**.

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. **All grounds upon which the defendant relies must be specifically stated in the motion in separately**

3

**numbered paragraphs in a section of the motion which is labeled "Issues Presented.". Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.** *See generally United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985).

The government shall file **on or before November 7, 2012** a response to **all** motions now pending or that are timely filed by a defendant**.**

The following motions are currently pending: *Defendant Bledson's Motion to Suppress Items as a Result of Illegal Searches* (doc. 186); *Defendant Bledson's Motion to Suppress Defendant's Statement* (doc. # 187); *Defendant Davis' Motion to Suppress Wiretap Evidence* (doc. # 181); and *Defendant Davis' Motion to Suppress Search Warrant Evidence* (doc. # 182). If evidentiary hearings on timely filed motions are necessary, the evidentiary hearings will be set during the period of **November 14 - 16, 2012.** A more definite date and time for the hearing on each motion will be established at the status and scheduling conference on **October 31, 2012**.

**DISCOVERY.** All discovery in this action shall be conducted according to the requirements of **M.D. Ala. LCrR 16.1 Criminal Discovery**. A copy of this Rule may be found at http://http://www.almd.uscourts.gov/docs/lorules.pdf. Unless the government provided initial disclosures to defendant prior to or at arraignment, the government is **ORDERED** to tender initial disclosures to the defendant on or before **August 24, 2012**. Disclosures by the defendant, as required by **M.D. Ala. LCrR 16.1(a)(4)** shall be provided on or before **August 29, 2012**.

**STATUS AND SCHEDULING CONFERENCE**. A status and scheduling conference is hereby set for **October 31, 2012 at 10:00 a.m.**, **in Courtroom 4-B**, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**JENCKS ACT STATEMENTS.** The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[2]

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are **ORDERED** to appear at all future court proceedings in this criminal case. Those attorneys who find it impossible to be in attendance (especially at the pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of

---

[2] In certain complex cases, the government may agree to earlier production.

their clients. Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion. Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

**NOTE: Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within seven days of the date of this order. Failure to obtain fees from a client is not an extraordinary circumstance.**

Done this 23rd day of August, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE