IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| ROBERT MARSHALL | ) | |

## **ORDER**

Before the court are Defendant Robert Marshall's *pro se* (1) motion for reduction of sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018) (Doc. # 862; *see also* Doc. # 875); (2) motion for appointment of counsel (Doc. # 857); and (3) motion to supplement (Doc. # 877). The motion to supplement will be granted; however, the motions for a sentence reduction and for appointment of counsel will be denied.

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citation omitted). However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." § 3582(c)(1)(B). The First Step Act expressly permits district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010. *Jones*, 962 F.3d

at 1297 (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010)).

Section 404 of the First Step Act of 2018 retroactively applies the Fair Sentencing Act of 2010's reduced statutory penalties for covered cocaine-base offenses.  *See* First Step Act § 404.  Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act § 404(a).  Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).  Section 3 of the Fair Sentencing Act modified the penalties for simple possession of crack cocaine under 21 U.S.C. § 844(a).  Section 404 of the First Step Act does not authorize a district court to modify sentences for offenses involving cocaine hydrochloride.  First Step Act § 404(a); *see also United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020) (explaining that sentences imposed for powder-cocaine convictions "were not modified by section 2 or 3 of the Fair Sentencing Act" and, thus, are not "covered offenses" under § 404(a) of the First Step Act).

Mr. Marshall was convicted by a jury for his involvement in a conspiracy to traffic more than 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a) and 846.  (Doc. # 528 (Jury Verdict).)  His sentence was based on an offense and drug quantities involving only cocaine hydrochloride.  (*See, e.g.,* Doc. # 630, ¶ 28; Doc. # 760, at 40 (Sentencing Tr.).)  Because he was not convicted of a covered offense, Mr. Marshall is not eligible for a sentence reduction under § 404(b) of the First Step Act.

Accordingly, it is ORDERED as follows:

(1) Mr. Marshall's motion to supplement (Doc. # 877) is GRANTED;

(2) Mr. Marshall's motion for reduction of sentence under the First Step Act of 2018 (Doc. # 862) is DENIED; and

(3) Mr. Marshall's motion for appointment of counsel (Doc. # 857) is DENIED.

DONE this 17th day of November, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE