IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| ROBERT MARSHALL | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I.  INTRODUCTION**

In June 2013, Defendant Robert Marshall was convicted for conspiracy to possess 5 kilograms or more of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for aiding and abetting the use of a communication facility to further the conspiracy, in violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.  As a result of his convictions, Defendant was sentenced to 300 months' imprisonment (Doc. # 651), which represented a downward variance (Doc. # 760, at 44).  Defendant's projected release date is April 25, 2034.  *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 18, 2021).

Before the court is Defendant's third *pro se* motion for compassionate release (Doc. # 948), in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in

opposition (Doc. # 956) to which Defendant filed a reply (Doc. # 957). For the reasons to follow, the motion is due to be denied.

## II. DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021). Section 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, offers courts a narrow reprieve to reduce a sentence for "extraordinary and compelling reasons." It provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A)(i) (citing 18 U.S.C. § 3553(a)).

In *Bryant*, the Eleventh Circuit held that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and thus "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." 996 F.3d at 1262 (citing U.S.S.G. § 1B1.13). Section 1B1.13 requires a judicial determination that "the defendant is not a danger to the safety of any other person or to the community." § 1B1.13(2). It also delineates four categories that constitute

"extraordinary and compelling reasons" for compassionate release: (A) a defendant's medical condition, which includes, among other conditions, a "serious physical or medical condition"; (B) a defendant's age; (C) a defendant's family circumstances; and (D) "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." § 1B1.13, cmt. n.1(A)–(D). Importantly, as pronounced in *Bryant*, application note 1(D), which is the catch-all provision, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also id.* at 1262–65. That discretion lies solely with the Bureau of Prisons ("BOP"). Hence, application notes 1(A), (B), and (C) to § 1B1.13 constrain district courts in determining whether a defendant has established extraordinary and compelling reasons justifying compassionate release.

In *United States v. Tinker*, the Eleventh Circuit succinctly summarized what § 3582(c)(1)(A) requires:

> by dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

No. 20-14474, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021). *Tinker* held that district courts can examine these three conditions in any order it chooses. *Id.* If even one of § 3582(c)(1)(A)'s conditions is rejected, then a defendant is not entitled to a

sentence reduction.  *Id.*  The defendant bears the "burden to establish that he qualifie[s] for compassionate release."  *United States v. Smith*, 856 F. App'x 804, 806 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Based upon a thorough review of the record, Defendant's motion fails on all three of § 3582(c)(1)(A)'s conditions for obtaining compassionate release.  Each is discussed.

A. **Extraordinary and compelling reasons**

Defendant moves for compassionate release based upon multiple assertedly extraordinary and compelling reasons:  (1) the risks COVID-19 pose to the incarcerated population at his institution, which he says is a "hot spot" for COVID-19 infections (Doc. # 948, at 5); (2) his susceptibility to severe illness if he contracts COVID-19 based upon his medical conditions, which include type 2 diabetes and hypertension (Doc. # 948, at 6); (3) his "unusually long sentence" as "a non-violent drug offender" (Doc # 948, at 6–7); (4) his perceived eligibility for an Amendment 782 reduction (Doc. # 948, at 7–8); and (5) the alleged disparity between his sentence and the sentence he would receive under the current Guidelines in that he contends that, if he were sentenced today, he would not qualify as a career offender (Doc. # 948, at 9).  None has merit.

**1.    *Defendant's general fear of contracting COVID-19 while incarcerated***

Defendant's assertion that his federal correctional institution is a "hot spot" for COVID-19 infections espouses a general fear of contracting COVID-19 while in prison. (Doc. # 948, at 5.) This reason is not extraordinary and compelling under § 3582(c)(1)(A)(i). *See generally United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020) ("A generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release.").

Additionally, since the filing of Defendant's motion for compassionate release, there have been two developments that undercut Defendant's contention. First, according to the BOP's website, as of October 15, 2021, the facility where Defendant is incarcerated, Talladega FCI, has no active COVID-19 cases among its inmates and fourteen active cases among its staff. *See* BOP Covid-19 Cases,

5

available at https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 18, 2021). This is an improvement. *See id.*

Second, the BOP has administered 233,200 doses of the COVID-19 vaccine to its approximate 36,000 staff and to its inmates, which as of October 14, 2021's count was 156,675. *See* BOP Covid-19 Vaccine Implementation, available at https://www. bop.gov/coronavirus/index.jsp (last visited Oct. 18, 2021); BOP Statistics, https://www.bop.gov/about/statistics/population_statistics.jsp (providing that inmate statistics are updated each Thursday) (last visited Oct. 18, 2021). The BOP's website also indicates that, since the COVID-19 vaccine was introduced, 144 staff members and 725 inmates have received both doses of the vaccine at FCI Talladega and, thus, have been fully inoculated. As of today's date, the BOP reports that there are 819 inmates at FCI Talladega. *See* BOP FCI Talladega, https://www.bop.gov/locations/institutions/tdg/ (last visited Oct. 18, 2021). It is clear from these statistics that the vaccination rate at FCI Talladega exceeds that of the general population in the state of Alabama.

2. ***Defendant's susceptibility to COVID-19 based upon his medical conditions (type 2 diabetes and hypertension)***

Defendant has not established extraordinary and compelling reasons warranting compassionate release, notwithstanding that his medical conditions place him in a high risk category of serious complications from COVID-19. The Centers

6

for Disease Control and Prevention ("CDC") has determined that the medical conditions from which Defendant suffers—type 2 diabetes and hypertension—"can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 18, 2021).  Under § 1B1.13, a serious medical condition can qualify as an extraordinary and compelling reason for compassionate release, *see* § 1B1.13 cmt. n.1(A)(ii)(I), but only where that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is one "from which [the inmate] is not expected to recover," § 1B1.13 cmt. n.1(A).

Although the court sympathizes with Defendant's circumstances, there is insufficient evidence in his medical records demonstrating that his health conditions rise to this level of decline.  Evidence is lacking that Defendant's self-care is inhibited, and the medical records confirm that Defendant is being treated for type 2 diabetes and hypertension.  (Doc. # 956-1, at 7–14, 20–21, 23–27, 39.)  Defendant has not demonstrated that the medical personnel at his designated federal correctional institution are unable to provide adequate treatment for his health conditions.  *See* § 3553(a)(2)(D); *see also United States v. Sanchez*, No. 2:17CR337-MHT, 2020 WL 3013515, at *1 (M.D. Ala. June 4, 2020) (denying an inmate's

motion for compassionate release in part based on the absence of evidence "that the prison is unable to meet [the inmate's] medical needs" (citing § 3553(a)(2)(D))).

Furthermore, Defendant is one of the vaccinated inmates at his institution. (*See* Doc. # 956-1, at 67–68.)  Defendant's vaccinated status, although not necessarily dispositive, "weigh[s] against a finding of extraordinary and compelling reasons." *United States v. Hall*, No. 212CR00391SLBJHE1, 2021 WL 2334241, at *2 (N.D. Ala. June 8, 2021) (finding that, because the defendant was "fully vaccinated against COVID-19," he could not "show that he face[d] extraordinary risk from COVID-19" or that he "[was] suffering from any medical condition that substantially diminishe[d] his ability to care for himself in prison and from which he [was] not expected to recover"); *cf. United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) ("*[L]ike access to vaccination*, prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." (citation omitted) (emphasis added)). Defendant has not shown extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A).

### 3. *Alleged sentencing disparities*

Defendant argues that, even though he was designated as a career offender, other courts have granted Amendment 782 reductions under the compassionate

8

release provisions to mitigate the harshness of sentences and sentencing disparities.[1] He also contends that there is a sentencing disparity between his sentence and the sentence he would receive under the current version of the Sentencing Guidelines because he says that today he would no longer qualify as a career offender.  He contends that these perceived sentencing disparities constitute extraordinary and compelling reasons for compassionate release.  These grounds fail.

Even if Defendant were correct that his sentence reflected an unwarranted sentencing disparity, either in his failure to receive an Amendment 782 reduction or his designation as a career offender, these are not reasons that the court can consider.  These bases are not articulated in § 1B1.13's application notes 1(A) through 1(C), which address "medical, age, and family circumstances." *Bryant*, 996 F.3d at 1262.  As the Eleventh Circuit held in *Bryant*, only the BOP Director can find "other reasons" for compassionate release under § 1B1.13's catch-all provision in application note 1(D).  *See id.* at 1264 (citing § 1B1.13 cmt. n.1(D)).  Because these grounds are not explicitly identified in § 1B1.13's application notes 1(A) through 1(C), *see id.* at 1265, the court lacks authority to examine whether they fall within the catch-all exception.

---

[1] Promulgated in 2014, Amendment 782 provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. Supp. App. C, Amend. 782 (2014).  It was made retroactive by Amendment 788 to the Sentencing Guidelines.  U.S.S.G. Supp. App. C, Amend. 788 (2014).

**B.      The balancing of the § 3553(a) factors**

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (observing that, under § 3553(a), the defendant's "medical conditions . . . are part of his history and characteristics"). To begin on a positive note, Defendant is to be commended for the steps he has taken while incarcerated to better himself. (*See, e.g.*, Doc. # 948-3). He is encouraged to continue these efforts.

However, the nature and circumstances of Defendant's offenses and his history and characteristics do not favor release. *See* § 3553(a)(1). Defendant's conspiracy conviction involved a serious cocaine-trafficking offense. (*See* Docs. # 528, 760.) To the extent that Defendant argues that he was less culpable than other of his co-conspirators, that factor was taken into account at sentencing. Namely, his sentence reflects a downward variance from 360 months to 300 months. (Doc. # 760, at 44.) Defendant also has a lengthy criminal history spanning more than a decade that landed him in criminal history category VI with a career offender designation. That history encompasses convictions for possession of marijuana, driving under the influence of alcohol, resisting arrest, and drug-related convictions

for possession and distribution of cocaine. (*See* Presentence Investigation Report ¶¶ 38–46.) These factors do not bode well for Defendant's early release.

Furthermore, under § 3553(a)(2), Defendant's release at this juncture—with substantial time remaining on his twenty-five-year sentence—would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and weaken the value of a just punishment. *See* § 3553(a)(2). Overall, the balancing of the § 3553(a) factors does not justify Defendant's compassionate release.

### C. Danger to the community

Finally, Defendant must demonstrate that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13. All of the factors in § 3142(g) have been considered carefully. Some of those factors overlap with those discussed in Part II.B. After careful deliberation, the court finds that Defendant has failed to meet his burden on this condition for compassionate release.

### D. Conclusion

Defendant has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining compassionate release. He, thus, is not entitled to compassionate release.

## III.  ORDER

For the foregoing reasons, it is ORDERED that Defendant's third *pro se* motion for compassionate release (Doc. # 948) is DENIED.

DONE this 18th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
