IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cr-00087-RAH |
| ) | |
| ROBERT MARSHALL. ) | |

## ORDER

Pending before the Court is Defendant Robert Marshall's *Supplement to Motion for Compassionate Reduction, or Alternatively, Fifth Motion for Compassionate Release to Modify Term of Imprisonment Under (c)(1)(A)* (doc. 1035), filed on October 10, 2025.

In February 2013, a jury found Defendant Marshall guilty of one count of conspiracy to possess 500 grams or more of cocaine hydrochloride with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One) and one count of aiding and abetting the use of a communication facility to further the conspiracy in violation of 21 U.S.C. § 843(b) (Count Twenty). (Doc. 528 at 10–11; Doc. 1012 at 2.) On June 12, 2013, Defendant was sentenced to 300 months of imprisonment. This is Defendant's fifth motion for compassionate release. The motion will be **DENIED**.

Because the Fourth Motion for Compassionate Release (doc. 1012) is no longer pending before the Court, Defendant Marshall's motion (doc. 1035), to the extent that it requests to supplement his Fourth Motion, is **DENIED** as moot.

Alternatively, Marshall asks this Court to reduce his sentence based on amendments to the United States Sentencing Guidelines, arguing that, if he committed the same crime today he would be entitled to a four-level reduction for being "plainly among the lowest level of drug trafficking functions . . . [such as]

serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout[,]" and an additional two-level reduction for "low-level" involvement "such as 'distributing controlled substances in user-level quantities." (Doc. 1035 at 1.)

Before granting a sentence reduction, however, the Court must consider the sentencing factors set forth at 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the defendant. *See id.* § 3553(a).

The nature and circumstances of the Defendant's offenses and his history and characteristics do not favor release. *See id*. As stated in this Court's prior Order (doc. 1034), Marshall has a lengthy criminal history spanning more than a decade that landed him in criminal history category VI with a career offender designation. (Doc. 630 at 12.) That history encompasses convictions for possession of marijuana, driving under the influence of alcohol, resisting arrest, and drug-related convictions for possession and distribution of cocaine. (*See id.* at 9–12.) Further, for the instant offense, Marshall was convicted of conspiring to possess and sell 500 grams of cocaine hydrochloride, which is a substantial amount. As such, the balancing of the § 3553(a) factors do not justify release at this time. Accordingly, Defendant's motion (doc. 1035), to the extent it requests a reduction in sentence, is **DENIED**.

**DONE** and **ORDERED** on this the 14th day of January 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE